IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL MONTANO <br> (TDCJ No. 1732141), <br><br> Petitioner, <br><br> V. <br><br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:14-cv-1441-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Samuel Montano ("Montano"), a Texas prisoner, proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition should be denied for the reasons explained below.

**Background**

The factual and procedural background related to Montano's state convictions, leading up to his direct appeal of those convictions, is explained fully in the Dallas Court of Appeals's decision:

> Montano was charged by separate indictments with two counts of aggravated sexual assault of a child under 14 in trial court cause numbers F10-53865-X and F11-00223-X. Montano pleaded not guilty and elected a trial by jury in cause number F10-53865-X. After a jury was selected, Montano withdrew his not guilty plea, entered a plea of guilty, and elected to have the jury assess his punishment. That same day Montano entered an open plea of guilty in cause number F11-00223-X. The trial judge found Montano guilty and carried cause number F11-00223-X until the jury assessed punishment in cause number F10-53865-

> X. The trial judge and both parties agreed the trial judge would render a sentence in cause number F11-00223-X that would be the same as the jury's punishment verdict in cause number F10-53865-X, with the sentences to run concurrently, in exchange for withdrawal of Montano's objection to evidence from cause number F11-00223-X being presented to the jury.
>
> Following the presentation of punishment evidence, the jury sentenced Montano to 99 years' confinement and a $10,000 fine in cause number F10-53865-X. The trial judge then rendered the same sentence in cause number F11-00223-X. Montano's trial counsel filed motions for new trial in each case, alleging that the verdict and sentences were contrary to the law and evidence. Montano's appellate counsel filed amended motions for new trial in each case, alleging ineffective assistance of trial counsel because he allegedly did not effectively communicate with Montano in cause number F11-00223-X and Montano's guilty plea was not made knowingly and voluntarily in cause number F10-53865-X. The issue of trial counsel's failure to object to hearsay testimony raised on appeal was not addressed in the trial court. The trial court heard evidence regarding the motions, but Montano's trial counsel was not called to testify. The motions were denied.

*Montano v. State*, Nos. 05-11-01643-CR & 05-11-01644-CR, 2012 WL 5898075, at *1 (Tex. App. – Dallas Nov. 21, 2012, no pet.).

The Dallas Court of Appeals denied Montano's claim of ineffective assistance of trial counsel – the only claim raised on direct appeal – and affirmed the trial court's judgments. *See id.* at *4. Montano was granted an extension of time to file a petition of discretionary review but failed to do so. *See Montano v. State*, PD-1696-12 & PD-1697-12 (Tex. Crim. App.).

The Section 2254 application in this case concerns state trial court case number F11-00223-X. In his state habeas application pertaining to this conviction, Montano raised a claim of ineffective assistance of trial counsel – that counsel failed to communicate with him due to a language barrier – and a claim that the trial court

...
...

"accepted [his] guilty plea without an affirmation showing the plea was voluntary and intelligently made." Dkt. No. 21-11 at 5-14. The state trial court found there to be no controverted, previously unresolved factual issues requiring a hearing, on February 20, 2014, *see id.* at 69, and the Texas Court of Criminal Appeals denied the application without written order, *see Ex parte Montano*, WR-81,077-01 (Tex. Crim. App. Apr. 2, 2014); Dkt. No. 21-10.

Through this Section 2254 application, Montano asserts (1) that he has been subjected to "double jeopardy" "because he was convicted twice of the same offense resulting from the same criminal transaction"; (2) that he was denied the effective assistance of counsel "because no counsel of record [was] appointed nor did [one] represent him in this trial court case number"; and (3) that he was denied the effective assistance of counsel "because an unauthorized agreement was executed without [his] participation or consultation." Dkt. No. 3 at 6-7. Montano freely admits that all three grounds "are presented for the first time in this petition because [he] ... was only able to purchase the clerks and reporters' records after his state habeas petition had been submitted to the state courts." *Id.* at 8.

## Legal Standards

A habeas petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present each claim to the Texas Court of Criminal Appeals in

a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). As the United States Court of Appeals for the Fifth Circuit recently explained,

> [t]he exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and "a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (internal quotation marks omitted) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). To satisfy these important purposes, a petitioner must "fairly present[]" his legal claim to the highest state court in a procedurally proper manner. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). The state courts must be apprised of the constitutional foundation of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Finally, "'[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). Consequently, "'where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement.'" *Id.* (quoting *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

*Nickleson v. Stephens*, ___ F.3d ___, No. 13-41313, 2015 WL 6159751, at *3 (5th Cir. Oct. 20, 2015).

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005) (holding unexhausted claims ineligible for stay when state court would find them procedurally barred).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

## Analysis

Montano's "double jeopardy" claim and his two ineffective-assistance-of-trial-counsel ("IATC") claims are unexhausted and procedurally barred.

Montano has neither shown that his claims would be allowed in a subsequent habeas proceeding in state court under Texas law nor asserted the "fundamental miscarriage of justice" exception to procedural bar. He cannot, moreover, use a conclusory claim that indigence prevented him from asserting these three claims in his

state court habeas application, to demonstrate cause to excuse his procedural default. *See* Dkt. No. 3 at 8 (he "was only able to purchase the clerks and reporters' record[ – presumably required to discover that these three claims existed – ]after his state habeas petition had been submitted"). "[I]t is well established that neither indigence nor *pro se* status constitutes cause for a petitioner's procedural default." *Garcia v. Quarterman*, Civ. A. No. H-06-0775, 2006 WL 3254520, at *14 (S.D. Tex. Nov. 9, 2006) (citation omitted); *cf. Snyder v. Johnson*, No. 4:00-cv-1557-Y, 2001 WL 880703, at *4 (N.D. Tex. July 24, 2001) ("In an attempt to overcome the procedural default, Snyder appears to allege that he attempted unsuccessfully to obtain a copy of the state court record and was thereby prevented from fully pursuing state relief. Although Snyder asserts that he attempted to obtain the state court records, he has not supported this assertion with copies of any letters or pleadings demonstrating his efforts to obtain the state court records. Thus, Snyder's contention is wholly conclusory with no substantiation in the record whatever, other than Snyder's statements in his petition and supporting Memorandum of Law indigence." (footnotes omitted)).

But the limited exception to procedural bar for IATC claims created in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), found applicable to Texas cases in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), arguably could apply if Montano's claims against his trial counsel were substantial. But, for the reasons discussed below, the *Martinez/Trevino* exception to procedural bar does not apply here because Montano has not shown that his underlying IATC claims are substantial.

"In *Martinez*, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
>
> 132 S. Ct. at 1320. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition.

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing *Trevino*, 133 S. Ct. at 1921); *see also Adams v. Stephens*, No. 4:14-cv-395-O, 2015 WL 5459646, at *4 (N.D. Tex. Sept. 17, 2015) ("*Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute 'cause' to excuse a habeas petitioner's procedural default of a claim. *Trevino* merely established an exception to the procedural default rule...." (citation omitted)).

The narrow *Martinez/Trevino* exception to procedural bar only applies if a petitioner can show that the IATC claim presented is "substantial – that is, that it has 'some merit.'" *Cutsinger*, 576 F. App'x at 430 (quoting *Martinez*, 132 S. Ct. at 1318); *see id.* (noting that, "if a petitioner's IAC claim is not substantial enough to earn a [certificate of appealability], it is also not substantial enough to form the basis for excusing the procedural default" (citing *Martinez*, 132 S. Ct. at 1318-19 (in turn citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)))); *see also Speer v. Stephens*, 781 F.3d 784, 785 & n.4 (5th Cir. 2015) (noting the "limited nature" and "narrowness" of the exception (citing *Martinez*, 132 S. Ct. at 1320; *Trevino*, 133 S. Ct. at 1922 (Roberts,

C.J., dissenting) ("We were unusually explicit about the narrowness of our decision [in *Martinez*].""))); *Garcia v. Director, TDCJ-CID*, 73 F. Supp. 3d 693, 754-55 (E.D. Tex. 2014) ("[T]he Supreme Court opened the door slightly for a showing of cause and prejudice to excuse the default in *Martinez v. Ryan* ... and *Trevino v. Thaler*....").

Consistent with this authority – holding the substantiality that Montano must show equivalent to the substantiality that must be shown to earn a COA – and because Montano was *pro se* in the "initial-review collateral proceeding," the undersigned has reviewed his two IATC claims set out in the Section 2254 application, *see* Dkt. No. 3 at 6-7, under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether he has "demonstrate[d] that reasonable jurists would debate 'whether the petition states a valid claim of the denial of a constitutional right,'" *Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000)) (citations omitted). And Montano has not shown that the IATC claims he asserts are substantial. That is, he has not demonstrated that reasonable jurists would debate either that the performance of trial counsel fell below an objective standard of reasonableness or, assuming that performance did, that Montano was prejudiced by trial counsel's substandard performance such that he was deprived "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687; *see id.* at 687-88, 692.

The state court records simply disprove the two IATC claims. For example, the transcript of Montano's guilty plea hearing in this case reflects both that he was represented by counsel in this state criminal proceeding, leading to this Section 2254

application, and that Montano understood the agreement with the prosecution resulting in evidence from this state criminal proceeding being used in state trial court case number F10-53865-X:

> THE COURT: I believe that was the agreement back in Court's chambers, that I would accept the open plea on the oral sex case. I would give him the same sentence that the jury gives on the sexual intercourse case. I would run them concurrent.
>
> And in exchange for that, I understand that you and the State agree there will be no objection to that oral sex evidence going before the jury; is that correct?
>
> MR. RINK: Yes, Your Honor.
>
> THE COURT: Is that your agreement, Ms. Kelly?
>
> MS. KELLY: That is correct, Your Honor.
>
> THE COURT: Is there anything else we need to put on the record before I bring the jury in?
>
> MS. KELLY: Yes, Your Honor. I believe Mr. Rink and I have agreed on stipulating to the chain of custody so that we can eliminate some of the lengthy witnesses, and also to the qualifications of the experts in this case.
>
> THE COURT: Is that correct, Mr. Rink?
>
> MR. RINK: Yes, Your Honor.
>
> THE COURT: The Court will certainly honor that agreement. I do appreciate y'all shortening the hearing. All right. As I said, the Court finds the Defendant guilty. I will postpone punishment until we hear the jury verdict. Mr. Montano, do you have any questions?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: You understand what we're doing, don't you?
>
> THE DEFENDANT: Yes.

> THE COURT: The jury is going to hear about everything that happened on that day between you and your stepdaughter, and then they're going to decide your punishment. Then I will give you the same punishment in the oral sex case. That's the agreement. Is that your understanding?
>
> THE DEFENDANT: That's what I understood.
>
> THE COURT: The Court is satisfied that the Defendant is changing his plea of not guilty to guilty freely and voluntarily. I have no evidence that he is not competent. The Court will accept the change of plea.

Dkt. No. 21-1 at 67-68.

## Recommendation

Montano's application for a writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*


*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 13, 2015

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE